Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.E.C., a minor by and through her Guardian Ad Litem MELINDA LEE CASTEEL; JERRY SWART,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 5:25-cv-01007-FLA-SSC<br><br>**ANSWER TO COMPLAINT BY DEFENDANT COUNTY OF RIVERSIDE; DEMAND FOR JURY TRIAL**<br><br>Judge: Fernando L Aenlle-Rocha |

COMES NOW DEFENDANT COUNTY OF RIVERSIDE and answers the Complaint for Damages (hereinafter "Complaint") of Plaintiffs A.E.C. and JERRY SWART (hereinafter "Plaintiffs") for itself and for no other parties, admit, deny, and allege as follows:

1. In answering paragraphs 1 and 2 of the Complaint, this answering Defendant admits that jurisdiction and venue are proper. This answering Defendant denies all remaining allegations.

2. In answering paragraph 3 of the Complaint, this answering Defendant denies that Plaintiffs' or Decedent's civil rights were violated.

3. In answering paragraphs 4, 5, and 6 of the Complaint, this answering Defendant lacks sufficient information to respond to the allegations of the

paragraphs and therefore denies any and all allegations. To the extent any statement of law is made therein, this answering Defendant asserts the law speaks for itself.

4. In answering paragraphs 7 and 8 of the Complaint, this answering Defendant admits that the County of Riverside is a municipal entity organized and existing under the laws of the State of California. Defendant denies all remaining allegations in this paragraph.

5. In answering paragraphs 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25,2 6, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 98, 100 101, 102, 103, 104, 105, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, and the prayer for relief of the Complaint, this answering Defendant denies any and all allegations of the respective paragraphs. To the extent any statement of law is made therein, this answering Defendant asserts the law speaks for itself.

6. In answering paragraph 12 and 30 of the Complaint, Defendant admits that on August 18, 2024, Riverside deputies received a call for service regarding a possible traffic collision. Defendant denies all remaining allegations in this paragraph.

7. In answering paragraph 17 of the Complaint, Defendant admits that decedent Swart was arrested and taken to CBDC. Defendant denies all remaining allegations in this paragraph.

8. In answering paragraphs 29, 41, 51, 63, 71, 82, 91, 99, 106, and 114 of the Complaint, this answering Defendant hereby incorporates its admissions and denials to the Complaint.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, the Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

9. The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

10. Defendant denies that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

11. At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. The individual Defendants therefore assert qualified immunity from liability.

**FOURTH AFFIRMATIVE DEFENSE**

12. Plaintiffs have suffered no actual injury due to the Defendant's conduct.

**FIFTH AFFIRMATIVE DEFENSE**

13. Defendant denies that they violated Plaintiffs' Fourth or Fourteenth Amendment rights, or any other state, federal, constitutional, or other rights.

**SIXTH AFFIRMATIVE DEFENSE**

14. Plaintiffs' and Decedent's own conduct estops Plaintiffs from claiming the damages alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

15. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claims are barred by all applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

17. The Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

**TENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs are not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiffs of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

**ELEVENTH AFFIRMATIVE DEFENSE**

19. The individual Defendants are entitled to qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

20. Any injury or damages suffered by Plaintiffs were caused solely by reason of Plaintiffs' of Decedent's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of the Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

21. Plaintiffs' claims are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' claims are barred by the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

23. Plaintiffs have failed to join necessary and/or indispensable parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

24. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' failure to mitigate their damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

25. That the damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code sections 1431 to 1431.5.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. Defendants are immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

### NINETEENTH AFFIRMATIVE DEFENSE

27. Defendants are immune from Plaintiffs' claims under California law, pursuant to California Government Code § 844.6(a)(1-2) and 830.9.

### TWENTIETH AFFIRMATIVE DEFENSE

28. To the extent the Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiff has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2; furthermore, the tort claim submitted does not authorize the various state torts set forth in the Plaintiffs' Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' or Decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

30. Defendant is immune from Plaintiffs' claims under California law, pursuant to California Government Code § 844.6(a)(1-2).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

31. The negligence of a third-party or parties was a superseding, intervening cause of Decedent's injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

32. At the time and place of the alleged incident and for some time before then, the risks and dangers of the incident (assuming said risks and dangers existed) were fully known to and appreciated by Plaintiffs and/or Decedent, and Plaintiffs and/or Decedent thereby voluntarily assumed any and all risks and dangers, including the risk and danger of the alleged incident complained of in Plaintiffs' Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

33. To the extent that the injuries and damages alleged by Plaintiffs, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, the Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of the Defendant, judgment against Defendant be only in an amount which is proportionate to the extent and percentage by which the Defendant's acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

34. Should Plaintiffs recover damages against Defendant, the Defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages (including Plaintiffs).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

35. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

| | | |
|---|---|---|
| 1 | Dated:  May 22, 2025 | BURKE, WILLIAMS & SORENSEN, LLP |
| 4 | | By:     /s/ Caylin W. Jones |
| 5 | | Nathan A. Oyster |
| | | Caylin W. Jones |
| 6 | | Attorneys for Defendant |
| | | COUNTY OF RIVERSIDE |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

**DEMAND FOR JURY TRIAL**

Defendant COUNTY OF RIVERSIDE demands a trial before a jury on all issues presented by Plaintiffs' Complaint triable to a jury.

WHEREFORE, Defendant COUNTY OF RIVERSIDE prays that:

1. Judgment be rendered in favor of Defendant COUNTY OF RIVERSIDE and against Plaintiffs A.E.C. and JERRY SWART;

2. Plaintiffs A.E.C. and JERRY SWART take nothing by this action;

3. Defendant COUNTY OF RIVERSIDE be awarded costs of suit incurred herein; and

4. Defendant COUNTY OF RIVERSIDE be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  May 22, 2025            BURKE, WILLIAMS & SORENSEN, LLP


By:      /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendant
COUNTY OF RIVERSIDE