LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.E.C., a minor by and through her Guardian Ad Litem MELINDA LEE CASTEEL; JERRY SWART,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; and DOES 1-10, inclusiv,<br><br>Defendant. | Case No. 5:25-cv-01007-FLA-SSC<br><br>Judge:   Fernando L Aenlle-Rocha<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:         July 18, 2025<br>Time:         1:00 p.m.<br>Courtroom:   6B |

**COME NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS**:

The parties herewith submit this joint scheduling conference report joined by all the parties pursuant to F.R.C.P. Rule 26 and the Court's Order (Doc. 16).

    **A.**    **STATEMENT OF THE CASE**

    Per Plaintiffs: This incident occurred on or about August 18, 2024. On that date, Sheriff's dispatch received a call for a single vehicle traffic collision which had crashed into a dirt pile. When the responding deputies arrived, they found Joshua Swart ("Decedent") in the vehicle, which appeared undamaged. On information and belief, Decedent was experiencing a mental health crisis or exhibiting bizarre

behavior including sweating profusely and fidgeting mannerisms. The responding deputies believed that Decedent was under the influence, so they administered a preliminary alcohol screening which showed a zero-reading. The involved deputies also observed Decedent chewing on an empty, clear plastic baggie, which he initially refused to spit out. These types of baggies are commonly used to store narcotics. Decedent was arrested and transported to Cois Byrd Detention Center ("CBDC"). While at CBDC, Decedent was medically screened, where he displayed symptoms such as being "jittery" and sweating profusely. After the medical screening, Decedent was processed through the jail intake and placed in a sobering cell. Decedent was found in the sobering cell slumped over on the toilet and was pronounced dead in his cell approximately two hours after being allegedly medically screened and cleared by the involved County sheriffs' deputies and employees.

Plaintiffs' Complaint contains the following claims: Fourth Amendment— Denial of Medical Care (42 U.S.C. § 1983); Fourteenth Amendment— Denial of Medical Care (42 U.S.C. § 1983); Municipal Liability –Failure to Train (42 U.S.C. § 1983); Municipal Liability –Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); Municipal Liability—Ratification (42 U.S.C. § 1983); Failure to Summon Medical Care (Cal. Gov't Code §845.6)(including wrongful death); Negligence— Medical Malpractice; Negligence (Survival and Wrongful Death) and Violation of Bane Act (Cal. Civil Code § 52.1).

**Defendants:** On August 18, 2024, Decedent Joshua Swart was arrested on an outstanding warrant and booked at the Cois Byrd Detention Center at 12:15 p.m. Upon booking, Swart was determined to be under the influence of drugs and placed into a sobering cell. Visual safety checks on Swart were conducted every 30 minutes. At approximately 1:27 p.m., Swart went unconscious in the safety cell. Swart was discovered within minutes and immediately provided medical care including CPR and Narcan, however, he was ultimately pronounced deceased.

B.   **SUBJECT MATTER JURISDICTION**

The specific basis for jurisdiction is that Plaintiffs bring claims pursuant to 42 U.S.C. § 1983, for violating Decedent's and Plaintiffs' constitutional rights under both the Fourth and Fourteenth amendment, and supplemental jurisdiction over Plaintiffs' state law claims is proper pursuant to 28 U.S.C § 1367, because the state law claims stem from the same nucleus of operative facts.

C.   **LEGAL ISSUES**

**PER PLAINTIFFS:**

The legal issues are whether the use of the arresting deputies unreasonably denied Decedent medical care and whether the involved deputies and jail staff, including medical staff, were negligent in their interaction with Decedent. Additional issues include inadequate assessment, failure to timely get medical attention, and deliberate indifference to Decedent's serious medical needs. Whether the County failed to train its employees, whether the County had an unconstitutional custom, practice or policy and whether they ratified their employees conduct relating to the incident are also issues. Another issue is going to be the nature and extent of the damages, including damages for pain and suffering, loss of enjoyment of life and wrongful death damages. Plaintiffs also seek statutory attorney's fees.

**PER DEFENDANTS:** The legal issues in the case include (1) whether deputies unreasonably denied Swart medical care or failed to summon medical care; (2) whether the County had an unconstitutional custom, policy, or practice that led to a violation of Swart's constitutional rights, and (3) whether Defendants are entitled to qualified immunity.

D.   **PARTIES AND EVIDENCE**

Parties are Plaintiffs: A.E.C., (a minor) (daughter of Decedent), by and through her Guardian Ad Litem Melinda Lee Casteel and Jerry Swart (father of Decedent; and Defendants: County of San Riverside and Does 1-10. Defendants intend to name omitted heirs as nominal Defendants.

Percipient Witnesses:

Plaintiffs have not received any of the investigation materials and are unaware of the name of any percipient witnesses, other than the involved deputies (names currently unknown), the involved personnel from CBDC, including medical personnel, responding paramedics/firefighters (names currently unknown) and the medical examiner (names currently unknown).

Defendants contend key witnesses include the arresting deputies, correctional deputies, jail staff, and responding paramedics.

Plaintiffs' Key Documents:

- Documents related to the investigation of the auto accident and initial arrest of Decedent;
- The jail intake documents from CBDC;
- Any potential dash cam, in-car cam and body cam footage;
- Surveillance footage from CBDC;
- 911 audio recordings regarding incident;
- Deputy radio communications regarding incident;
- Sheriff's Department policies and training regarding interactions dealing with individuals suffering from medical emergencies and/or overdoses;
- Medical records from the Paramedics/Firefighters and medical providers from CBDC;
- Autopsy report;
- Coroner's investigation report;
- Photos of Decedent's injuries;
- Photos of Decedent prior to death, including with Plaintiffs;
- Scene Photographs; and
- Recorded interviews of the involved deputies, personnel from CBDC and percipient witnesses.

Defendants' Key Documents: Body worn camera, jail surveillance video, scene photographs, recorded interviews with decedent's family, medical records, and autopsy report.

### E. DAMAGES

**PER PLAINTIFFS:**

Plaintiffs believe that a realistic range of provable damages could be in excess of $5,000,000. These damages include Decedent's pain and suffering damages before death, loss of enjoyment of life, wrongful death damages, punitive damages and statutory attorney's fees.

**PER DEFENDANTS:**

Defendants deny that Plaintiffs are entitled to any damages.

### F. INSURANCE

**PER PLAINTIFFS:**

There is no applicable insurance coverage which exists on behalf of the Plaintiffs.

**PER DEFENDANTS:** The County of Riverside is self-insured pursuant to Government Code section 990.

### G. MOTIONS

Plaintiff will seek to amend the pleading and add additional individual defendants once Plaintiffs have ascertained the identity and the involvement of the individuals in the incident.

Defendants will seek to add Decedents' remaining heirs as nominal Defendants.

### H. DISPOSITIVE MOTIONS

None on behalf of Plaintiffs. Defendants intend on bringing a Motion for Summary Judgment.

### I. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that any part of the procedures of the Manual for

Complex Litigation should be utilized.

**J.   STATUS OF DISCOVERY**

The parties have not conducted any discovery to date and there are no current or anticipated discovery disputes.

**K-M. DISCOVERY PLAN**

(1) Exchange initial disclosures:   July 18, 2025;

(2) Non-Expert Discovery Cut-off:   May 15, 2026

(3) Initial Expert Disclosure:   May 22, 2026;

(4) Rebuttal Expert Disclosure:   June 5, 2026; and

(5) Expert Witness Discovery Cut-off   June 19, 2026

The parties do not propose any changes in the disclosures under Fed. R. Civ. P. 26(a). The subjects on which discovery may be needed are:

Per Plaintiffs:

The extent of liability as to the initial deputies who arrested Decedent and transported him to CBDC, the personnel at CBDC who medically cleared Decedent and housed him the sobering cell, the personnel at CBDC who were responsible for monitoring Decedent in the sobering cell, and the personnel who responded after finding Decedent unresponsive in the cell, cause of death and damages

Per Defendants: Defendants intend on conducting discovery into liability and damages.

The parties do not propose that discovery should be conducted in phases or otherwise be limited. The parties do not believe that limitations should be changed or other limitations imposed, and do not propose that the Court should enter any other orders at this time.

### N. Settlement Conference/Alternative Dispute Resolution (ADR)

No settlement negotiations have occurred to date. The parties' preference is for the Court Mediation Panel.

### O. TRIAL ESTIMATE

Per Plaintiffs:

Plaintiffs anticipate 5-7 court days and the trial will be by jury. The basis for the estimate is the number of involved individuals relating to the incident. Decedent was first arrested by some deputies at the scene, then transported to CBDC, where he would have been medically cleared, where CBDC personnel would have been monitoring him in the sobering cell, as well as the personnel who responded to the cell when he was found unresponsive. There will also be witnesses with regards to the cause of death.

Per Defendants: Defendants estimate trial will be 5-6 court days.

The parties do not know how many witnesses they contemplate calling because they have not received the investigation materials and do not know how many deputies were involved and how many percipient witnesses there are.

### P. TRIAL COUNSEL

Lead trial counsel for the Plaintiffs will be Dale K. Galipo, with Eric Valenzuela as second chair.

Lead trial counsel for Defendants is Nathan A. Oyster, with Caylin W. Jones as second chair.

### Q. INDEPENDENT EXPERT OR MASTER

The parties do not believe that the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert at the parties' expense.

### R. SCHEDULE WORKSHEET

See Attached.

**S.  OTHER ISSUES**

None at this time.

DATED: July 3, 2025      LAW OFFICES OF DALE K. GALIPO

By  /s/ *Eric Valenzuela*
    Dale K. Galipo
    Eric Valenzuela
    Attorneys for Plaintiffs

DATED: July 3, 2025      BURKE WILLIAMS AND SORENSEN

By  /s/ *Caylin W. Jones*
    Nathan A. Oyster, Esq.
    Caylin W. Jones, Esq.
    Attorneys for Defendants