# EXHIBIT A



**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
~~dalekgalipo@yahoo.com~~dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.E.C., a minor by and through her Guardian Ad Litem MELINDA LEE CASTEEL; JERRY SWART<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; JUAN MENDOZA; DEPUTY VILLASENOR; TIMOTHY LUND; CSO HAYWARD; SANDRA HAYES and DOES 5⁄1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01007-FLA (SSCx)<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment- Denial of Medical Care (42 U.S.C. § 1983)<br>2. Fourteenth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)<br>4. Municipal Liability –Failure to Train (42 U.S.C. § 1983)<br>5. Municipal Liability –Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>7. Failure to Summon Medical Care (Cal. Gov't Code §845.6)(including wrongful death)<br>8. Negligence—Medical Malpractice<br>9. Negligence (Survival and Wrongful Death)<br>10. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR DAMAGES

## **COMPLAINT FOR DAMAGES**

Come now Plaintiffs A.E.C., by and through her Guardian Ad Litem MELINDA LEE CASTEEL and JERRY SWART individually and as successors-in-interest to Joshua Swart, deceased; for their Complaint against Defendants County of Riverside, Juan Mendoza, Deputy Villasenor, Timothy Lund, Cso Hayward, Sandra Hayes and DOES 51-10, inclusive, allege as follows:

## **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form party of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. §1391(b) because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## **INTRODUCTION**

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the in-custody death of decedent, Joshua Swart, on August 18, 2024.

## **PARTIES**

4.     At all relevant times, Joshua Swart ("DECEDENT") was an individual residing in the County of Riverside, California.

5.     Plaintiff A.E.C., a minor by and through her Guardian Ad Litem MELINDA LEE CASTEEL is an individual residing in the County of Riverside,

-1-

1    California.  A.E.C. is the natural daughter of DECEDENT and sues in her individual

2    capacity and as successor-in-interest to DECEDENT.  A.E.C. seeks survival

3    damages, wrongful death damages, compensatory damages and punitive damages

4    under federal and state law.

5        6.    Plaintiff JERRY SWART is an individual residing in the County of

6    Riverside, California. JERRY SWART is the natural father of DECEDENT and

7    sues in his individual capacity and as successor-in-interest to DECEDENT. JERRY

8    SWART seeks survival damages, wrongful death damages, compensatory damages,

9    and punitive damages under federal and state law.

10       7.    At all relevant times, Defendant County of Riverside ("COUNTY") is

11   and was a duly organized public entity existing under the laws of the State of

12   California. COUNTY is and was responsible for the actions, omissions, policies,

13   procedures, practices and customs of its various agents and agencies, including the

14   Riverside County Sheriff's Office ("RCSO") and its agents and employees. At all

15   relevant times, Defendant COUNTY is and was responsible for the management and

16   overseeing of the RCSO, for the actions or inactions of JUAN MENDOZA,

17   DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA

18   HAYES and DOES 51-10, and for the policies, practices, and/or customs relating to

19   the COUNTY and its deputies and employees. At all relevant times, COUNTY was

20   the employer of JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND,

21   CSO HAYWARD, SANDRA HAYES and DOES 5-10 DOES 4-10.

22       8.    At all relevant times, Defendant COUNTY is and was a duly organized

23   public entity, form unknown, existing under the laws of the State of California.  At

24   all relevant times, COUNTY was the employer of Defendants JUAN MENDOZA,

25   DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA

26   HAYES and DOES 5-10, DOES 1-3, who were COUNTY sheriff's deputies .  At all

27   relevant times, DOES 4-7 were COUNTY sheriff's deputies and/or employees or

28

1   agents.  JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO

2   HAYWARD, SANDRA HAYES and DOES 5-10 ~~DOES 4-7~~ acted under color of

3   law and within the course and scope of their duties as deputies, jail employees

4   and/or medical employees (such as jail nurses and/or other jail medical

5   professionals) for the COUNTY.  DOES 8-9, who were COUNTY sheriff's

6   deputies' and employees' supervisorial officers, and DOE 10, who was a

7   managerial, supervisorial, and policymaking employees of the COUNTY's sheriff's

8   department.  On information and belief, at all relevant times, JUAN MENDOZA,

9   DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA

10  HAYES and DOES 5-10 ~~DOES 1-10~~ were residents of the County of Riverside,

11  California.  JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND,

12  CSO HAYWARD, SANDRA HAYES and DOES 5-10 ~~DOES 1-10~~ are sued in their

13  individual capacity for damages only.

14       9.     In doing the acts and failing and omitting to act as hereinafter

15  described, JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO

16  HAYWARD, SANDRA HAYES and DOES 5-10 ~~DOES 1-10~~ were acting on the

17  implied and actual permission and consent of Defendant COUNTY.

18       10.    The true names and capacities of DOES 5~~1~~-10 are unknown to

19  Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs

20  will seek leave to amend this Complaint to show the true names and capacities of

21  the Defendants when they have been ascertained. Each of the fictitiously named

22  Defendants is responsible in some manner for the conduct or liabilities alleged

23  herein.

24       11.    At all times mentioned herein, each and every defendant was the agent

25  of each and every other defendant and had the legal duty to oversee and supervise

26  the hiring, conduct, and employment of each and every defendant.

27

28

1    12.    All of the acts complained of herein by Plaintiffs against Defendants

2    were done and performed by said Defendants by and through their authorized

3    agents, servants, and/or employees, all of whom at all relevant times herein were

4    acting within the course, purpose, and scope of said agency, service, and/or

5    employment capacity.  Moreover, Defendants and their agents ratified all of the acts

6    complained of herein.

7    13.    On or about February 12, 2025, Plaintiffs filed comprehensive and

8    timely claims for damages with the COUNTY pursuant to the applicable sections of

9    the California Government Code. Said claims were rejected by COUNTY on

10    February 24, 2025.

11

12

13

14    13.

15    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16    14.    Plaintiffs repeat and re-allege each and every allegation in the

17    foregoing paragraphs of this Complaint with the same force and effect as if fully set

18    forth herein.

19    15.    This incident occurred on or about August 18, 2024. On that date,

20    Sheriff's dispatch received a call for a single vehicle traffic collision which had

21    crashed into a dirt pile.  When the responding deputies arrived, they found

22    DECEDENT in the vehicle, which appeared undamaged.  On information and

23    belief, DECEDENT was experiencing a mental health crisis or exhibiting bizarre

24    behavior including sweating profusely and fidgeting mannerism.

25    16.    The responding deputies believed that DECEDENT was under the

26    influence, so they administered a preliminary alcohol screening which showed a

27    zero-reading.  The involved deputies also observed DECEDENT chewing on an

28

Formatted: Indent: Left:  0", First line:  0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.5" + Indent at:  0.75"

Formatted: Indent: Left:  0", First line:  0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.5" + Indent at:  0.75"

1  empty, clear plastic baggie, which he initially refused to spit out.  These types of

2  baggies are commonly used to store narcotics.

3      17.    DECEDENT was arrested and transported to Cois Byrd Detention

4  Center ("CBDC").  While at CBDC, DECEDENT was medically screened, where

5  he displayed symptoms such as being "jittery" and sweating profusely.

6      18.    After the medical screening, DECEDENT was processed through the

7  jail intake and placed in a sobering cell. DECEDENT was found in the sobering cell

8  slumped over on the toilet.  DECEDENT was pronounced dead in his cell

9  approximately two hours after being medically screened and cleared by the involved

10  COUNTY sheriffs' deputies and employees.

11     19.    On information and belief, the involved COUNTY sheriff's deputies

12  did not properly assess the DECEDENT to determine if he needed immediate

13  medical attention, despite suspecting that DECEDENT may have ingested narcotics

14  based on the empty plastic baggie that they found DECEDENT chewing on and that

15  DECEDENT refused to spit out of his mouth.  Instead, the involved COUNTY

16  sheriff's deputies arrested the DECEDENT and transported him to CBDC instead of

17  a nearby hospital.

18     20.    On information and belief, the involved COUNTY sheriff's deputies

19  did not adequately communicate to COUNTY employees at CBDC as to

20  DECEDENT's condition and immediate need for medical attention.

21     21.    The involved COUNTY sheriff's deputies' failure to properly assess

22  DECEDENT for medical treatment, failure to determine that he needed medical

23  attention, and failure to communicate his condition to COUNTY employees at the

24  CBDC contributed and resulted in DECEDENT not receiving the immediate

25  medical attention he needed.

26     22.    On information and belief, when DECEDENT was transported to

27  CBDC, DECEDENT was experiencing a substance overdose and was in clear need

28

-5-

1  of immediate medical intervention and treatment. However, ~~DOES 4-7~~the involved

2  CBDC jail staff failed to adequately assess DECEDENT even though some of them

3  were trained jail employees, deputies, nurses and/or medical professionals.

4       23.   In the alternative, on information and belief, CBDC jail staff ~~DOES 4-7~~

5  failed to properly, adequately and reasonably monitor DECEDENT through the

6  available video cameras, windows, microphones, and/or other means of

7  surveillance.

8       24.   As a result of the foregoing failures, the DECEDENT was found

9  unresponsive and slumped over on the toilet in his cell approximately two hours

10  after he was medically screened.  DECEDENT was pronounced dead in his jail cell.

11       25.   From the time the DECEDENT was booked at CBCD and until his

12  death, ~~DOES 4-7~~the involved CBDC jail staff were on notice that the DECEDENT

13  was under the influence of an intoxicating substance to a life-threatening degree,

14  given that the arresting deputies recognized the symptoms such as sweating

15  profusely, fidgeting movement, and observing DECEDENT chewing on a plastic

16  baggie which is commonly used for storing narcotics.

17       26.   By taking no adequate action, the involved jail staff ~~DOES 4-7~~at

18  CBCD denied the DECEDENT necessary medical care, resulting in his unnecessary

19  death.

20       27.   At all relevant times, the involved COUNTY employees, including

21  deputies, jail staff, and medical personnel were acting under color of state law and in

22  the course and scope of their employment with the COUNTY.

23       28.   As a result of their actions and inactions, the DECEDENT experienced

24  pain and suffering, and loss of life.

25                        **<u>FIRST CLAIM FOR RELIEF</u>**

26          **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

27                   (Against Juan Mendoza~~and DOES 1-3~~)

28

29.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30.     On information and belief, ~~DOES 1-3~~Deputy JUAN MENDOZA received a call for a single vehicle traffic collision in which the car had crashed into a dirt pile.  When the responding deputies arrived, ~~he~~they found DECEDENT in the vehicle, which appeared undamaged.  On information and belief, DECEDENT was experiencing a mental health crisis or exhibiting bizarre behavior including sweating profusely and fidgeting mannerism.

31.     On information and belief, JUAN MENDOZA ~~DOES 1-3~~ believed that DECEDENT was under the influence, so the involved deput~~ies~~y administered a preliminary alcohol screening which showed a zero-reading.  The involved deputies also observed DECEDENT chewing on an empty, clear plastic baggie, which he initially refused to spit out of his mouth.  These types of plastic baggies are commonly used to store narcotics.  However, on information and belief, JUAN MENDOZA~~DOES 1-3~~ did not call paramedics or otherwise provide medical treatment for the DECEDENT.

32.     On information and belief, Defendant~~s~~ JUAN MENDOZA~~DOES 1-3~~ had knowledge of DECEDENT's symptoms and that he needed to see medical professionals for an adequate assessment and treatments when the DECEDENT was seized and arrested by JUAN MENDOZA.  ~~DOES 1-3~~.

33.     On information and belief, JUAN MENDOZA~~DOES 1-3~~ did not properly assess the DECEDENT to determine if he needed immediate medical attention. Instead, JUAN MENDOZA~~DOES 1-3~~ arrested the DECEDENT and transported him to CBDC instead of calling the paramedics or transporting him to a nearby hospital.  JUAN MENDOZA ~~DOES 1-3~~ did not timely summon medical care or permit medical personnel to treat DECEDENT.

-7-

34.    On information and belief, JUAN MENDOZA~~DOES 1-3~~ also did not adequately communicate to COUNTY employees at CBDC as to DECEDENT's condition and immediate need for medical attention.

35.    JUAN MENDOZA~~DOES 1-3~~'s failure to summon medical care and permit adequate medical attention to DECEDENT caused him pain and suffering and was a contributing cause of DECEDENT's death.

36.    The denial of medical care By JUAN MENDOZA~~DOES 1-3~~ deprived DECEDENT of his right to be secure in his person against denial of medical care as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.    As a result of the foregoing, DECEDENT suffered pain and suffering, loss of enjoyment of life, and loss of life, and loss of earning capacity.

38.    JUAN MENDOZA~~DOES 1-3~~ knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain and injuries, but disregarded that serious medical need, causing DECDENT great bodily harm and death.

39.    The conduct of JUAN MENDOZA~~DOES 1-3~~ was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to JUAN MENDOZA ~~DOES 1-3~~.

40.    Plaintiffs bring this claim as successors in interest to DECEDENT. Plaintiffs seek survival damages on this claim. Plaintiffs also seek attorney's fees under this claim.

### SECOND CLAIM FOR RELIEF

**Fourteenth Amendment –Denial of Medical Care (42 U.S.C. § 1983)**

(Against Deputy Villasenor, Tomothy Lund, CSO Hayward, Sandra Hayes and DOES 5~~4~~-10)

1    41.    Plaintiffs repeat and re-allege each and every allegation in the foregoing

2 paragraphs of this Complaint with the same force and effect as if fully set forth

3 herein.

4    42.    The Fourteenth Amendment's Due Process Clause of the United States

5 Constitution protects pretrial detainees from conditions of confinement or failures to

6 prevent harm that amount to punishment without due process, including where jail

7 officials are deliberately indifferent to inmates' medical needs. 42 U.S.C. §1983

8 provides a private right of action for conduct which violates this right. The failure to

9 provide such care constitutes a form of punishment imposed on persons not convicted

10 of a crime, which is impermissible. *Bell v. Wolfish*, 441 U.S. 520 (1979).

11    43.    Pursuant to the Fourteenth Amendment, DECEDENT was entitled to

12 receive necessary and adequate medical attention while in the care and custody of the

13 COUNTY once the DECEDENT was transported to CBDC.

14    44.    Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO

15 HAYWARD, SANDRA HAYES DOES 4-10 willfully ignored DECEDENT's

16 medical condition and his medical needs when they did not provide adequate medical

17 assessment/treatment and did not place the DECEDENT in a cell which would permit

18 COUNTY employees to monitor him through video cameras, windows, microphones,

19 or other means of surveillance.  In the alternative, DEPUTY VILLASENOR,

20 TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES DOES 4-10, did not

21 properly, adequately and reasonably monitor DECEDENT while he was in his cell,

22 using the available video cameras, windows, microphones or other means of

23 surveillance.  By not providing timely adequate medical attention, Defendants

24 DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA

25 HAYES DOES 4-10 caused the DECEDENT's injuries, which resulted in his death.

26    45.    Defendants knew that failure to provide DECEDENT with adequate and

27 timely medical attention could result in serious medical complications and death, but

28

-9-

1    Defendants disregarded that serious medical emergency, causing the DECEDENT

2    great bodily harm and death and failed to protect DECEDENT from harm.

3        46.    Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO

4    HAYWARD, SANDRA HAYES DOES 4-10 were also deliberately indifferent to

5    DECEDENT's medical needs, medical condition, right to life, and health. The

6    indifference to DECEDENT's medical needs as alleged above were obvious, serious,

7    and substantial. Defendants' acts and omissions as alleged above served no legitimate

8    penological purpose and were sufficiently harmful to evidence deliberate indifference

9    to serious medical needs.

10        47.    As a direct and proximate result of the aforementioned conduct,

11    DECEDENT suffered serious injuries including pre-death pain and death.

12        48.    Defendants are liable for the denial of medical care to DECEDENT, and

13    for DECDENT's injuries and death, either because they were integral participants in

14    the denial of medical care, or because they failed to intervene to prevent these

15    violations.

16        49.    The conduct of Defendants was willful, wanton, malicious, done with an

17    evil motive and intent and/or with a reckless disregard for the rights and safety of

18    DECEDENT, and therefore warrants the imposition of exemplary and punitive

19    damages as to Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO

20    HAYWARD, SANDRA HAYES DOES 4-10.

21        50.    Plaintiffs bring this claim as  successors-in-interest to the DECEDENT,

22    and seek survival damages, including pre-death pain and suffering, loss of life, and

23    loss of enjoyment of life for the violation of DECEDENT'S rights.  Plaintiffs also

24    seek attorney's fees under this claim.

25                        **THIRD CLAIM FOR RELIEF**

26        **Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)**

27                        (Against All Defendants)

28

-10-

1    51.    Plaintiffs repeats and re-allege each and every allegation in the

2    foregoing paragraphs of this Complaint with the same force and effect as if fully set

3    forth herein.

4    52.    A.E.C. had a cognizable interest under the Due Process Clause of the

5    Fourteenth Amendment of the United States Constitution to be free from state

6    actions that deprive her of life, liberty, or property in such a manner as if to shock the

7    conscience, including but not limited to, unwarranted state interference in Plaintiff's

8    familial relationship with her father, DECEDENT.

9    53.    JERRY SWARD had a cognizable interest under the Due Process

10   Clause of the Fourteenth Amendment of the United States Constitution to be free

11   from state actions that deprive him of life, liberty, or property in such a manner as to

12   shock the conscience, including but not limited to, unwarranted state interference in

13   Plaintiff's familial relationship with his son, DECEDENT.

14   54.    At all relevant times, Defendants JUAN MENDOZA, DEPUTY

15   VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and

16   DOES 5-10DOES 1-10 acted under color of state law.

17   55.    As alleged above, on information and belief, Defendants JUAN

18   MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

19   SANDRA HAYES and DOES 5-10DOES 1-10 had knowledge of DECEDENT's

20   symptoms and that he needed to see medical professionals for an adequate

21   assessment and treatments when the DECEDENT was seized and arrested by JUAN

22   MENDOZA DOES 1-4 and when the DECEDENT was transported to and in custody

23   at CBDC.

24   56.    Defendant JUAN MENDOZA s DOES 1-4 ignored DECEDENT's

25   medical condition and his medical needs by refusing to take the DECEDENT to a

26   hospital andbut instead transported him to CBDC and/or by refusing to provide

27   adequate medical treatment by not calling the ambulance. By not providing adequate

28

-11-

1   medical treatment, transportation to a hospital, and/or adequate communication to

2   DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA

3   HAYES and DOES 5-10 the DOES 4-10 as to the DECEDENT's symptoms, JUAN

4   MENDOZADOES 1-4 contributed and caused the DECEDENT's injures which

5   resulted in his death.

6       57.   Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO

7   HAYWARD, SANDRA HAYES and DOES 5-10DOES 4-10 ignored DECEDENT's

8   medical condition and his medical needs when they did not provide adequate medical

9   assessment/treatment and did not place the DECEDENT in a cell which would permit

10  COUNTY employees to monitor him through video cameras, windows, microphones,

11  or other means of surveillance.  Or in the alternative, DEPUTY VILLASENOR,

12  TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and DOES 5-10 DOES 4-

13  10 did not properly, adequately and reasonably monitor DECEDENT through the

14  available video cameras, windows, microphones or other means of surveillance.  As a

15  result, Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

16  SANDRA HAYES and DOES 5-10 DOES 4-10 caused the DECEDENT's injuries,

17  which resulted in his death.

18      58.   Defendants knew that failure to provide DECEDENT with timely

19  medical attention could result in serious medical complications and death, but

20  Defendants disregarded that serious medical emergency, causing the DECDENT

21  great bodily harm and death and failed to protect DECEDENT from harm.

22      59.   These actions and omissions on the part of Defendants JUAN

23  MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

24  SANDRA HAYES and DOES 5-10DOES 1-10 were sufficiently harmful to evidence

25  deliberate indifference to DECEDENT's constitutional rights and serious medical

26  needs as alleged above was a substantial. Defendants' acts and omissions as alleged

27  above may be fairly said to shock the conscience as DECEDENT was found slumped

28

1    over on the toilet approximately two hours after being medically screened and cleared

2    by the staff at CBDC.

3         60.    As a direct and proximate result of the aforementioned conducts,

4    DECEDENT suffered injuries, including pre-death pain and suffering and died.

5    Plaintiffs have been deprived of the life-long love, companionship, comfort, support,

6    society, care and sustenance of DECEDENT, and will continue to be so deprived for

7    the remainder of their natural lives.

8         61.    The conducts of Defendants were willful, wanton, malicious, done with

9    an evil motive and intent, and/or done with reckless disregard for the rights and

10   safety of DECEDENT and plaintiffs, and therefore warrant the imposition of

11   exemplary and punitive damages as to the individual Defendants.

12        62.    Plaintiffs bring this claim individually for the interference with their

13   relationship with DECEDENT, and seek wrongful death damages for the violation

14   of their rights.  Plaintiffs also seek additional applicable damages permitted by the

15   law and attorney's fees under this claim under 42 U.S.C. §1988.

16                        **FOURTH CLAIM FOR RELIEF**

17            **Municipal Liability – Failure to Train—(42 U.S.C. §1983)**

18               (By Plaintiffs against Defendants COUNTY and DOE 10)

19        63.    Plaintiffs repeat and re-allege each and every allegation in the

20   foregoing paragraphs of this Complaint with the same force and effect as if fully set

21   forth herein.

22        64.    Defendants DEPUTY VILLASENOR, CSO HAYWARD, TIMOTHY

23   LUND, SANDRA HAYES and DOES 5-10DOES 4-10 acted under color of law

24   and within the course and scope of their employment with the COUNTY.

25        65.    The acts of Defendants as set forth above deprived DECEDENT and

26   plaintiffs of their particular rights under the United States Constitution, including

27   Plaintiffs' constitutional rights to be free from interference with their familial

28

-13-

1  relationship with DECEDENT, as well as DECEDENT's constitutional right to

2  adequate and timely medical attention while in custody of COUNTY.

3      66.    The training policies of Defendant COUNTY were not adequate to

4  train its employees to handle the usual and recurring situations in jail with which

5  they must deal, including making sure adequate and timely medical attention is

6  provided to inmates and adequately assessing medical condition of inmates.

7      67.    Defendant COUNTY was deliberately indifferent to the obvious

8  consequences of its failure to train its CBDC jail staff members adequately,

9  including with respect to the provision of medical care to inmates, the housing of

10  inmates in a safe environment, including by adequately monitoring inmates

11  exhibiting medical symptoms/conditions, and the health of inmates.

12      68.    The failure of Defendants COUNTY and DEPUTY VILLASENOR,

13  TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and DOES 5-10 DOES

14  4-10 to provide adequate training caused the deprivation of Plaintiffs' and

15  DECEDENT's rights by Defendants s DEPUTY VILLASENOR, TIMOTHY

16  LUND, CSO HAYWARD, SANDRA HAYES and DOES 5-10 DOES 4-10; that is,

17  the defendants' failure to train is so closely related to the deprivation of the

18  DECEDENT's and Plaintiffs' rights as to be the moving force that caused the

19  ultimate injury.

20      69.    By reason of the aforementioned acts and omissions, Plaintiff has

21  suffered loss of the love, companionship, affection, comfort, care, society, training,

22  guidance, and past and future support of DECEDENT, and DECEDENT suffered

23  serious physical injuries and emotional distress relating to the physical injuries.

24  Accordingly, Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO

25  HAYWARD, SANDRA HAYES and DOES 5-10 DOES 4-10 each are liable to

26  Plaintiffs for compensatory damages.

27

28

70.     Plaintiffs bring this claim individually and as  successors-in-interest to DECEDENT. Plaintiffs seek damages applicable by the law. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. Section 1988.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability—Unconstitutional Custom or policy (42 U.S.C. §1983)**

(By Plaintiffs against Defendants COUNTY and Deputy Villasenor, Timothy Lund, Cso Hayward, Sandra Hayes and DOES 5-10DOES 4-10)

71.     Plaintiffs hereby repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     Defendants acted under color of state law and withn the course and scope of their employment with the COUNTY.

73.     Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES DOES 4-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the COUNTY.[1]

74.     The acts of Defendants as set for the above deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution, including Plaintiffs' constituitonal rights to be free from interference with their familial

---

[1] Based on the ACLU report on the in custody death cases at the Riverside Sheriff's Department's Jails, a high percentage of those listed as natural, suicide, or accidental death while in custody are potentially the result of the subpar medical and mental health care administered by Riverside County Jail facilities. (ACLU's Request for Investigation of RSD, p. 7. https://www.aclusocal.org/sites/default/files/letter_to_ag_bonta_-_investigation_of_rsd4.pdf)

relationship with DECEDENT, as well as DECEDENT's constituitonal right to adequate and timely medical attention and safe condition of confinement.

75.    On information and belief, Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES DOES 4-10 were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the denial of medical care that resulted in DECEDENT's injuries and death.

76.    Defendant DOE 10, together with other COUNTY policymakers and supervisors, repsectively, maintained, inter alia, the following unconsittutional customs, practices, and policies:

a) Not sufficiently staffing the jail with adequate medical staffs to handle inmates' medical issues;

b) Failing to provide or summon adequate medical treatment to inmates in need of medical treatment, including that relating to specific health conditions, and, relatedly, providing adequate training regarding providing and/or summoning medical treatment for inmates who have medical needs;

c) Treating inmates as if no one cares whether they live or die, and, relatedly, providing inadequate training regarding treating inmates as human beings;

d) Failing to timely transport inmates who are showing symptoms of medical conditions to the hospital and, relatedly, providing inadequate training regarding when to send inmates with health conditions including having sympotms of being under the influence to the hospital at the appropriate time;

e) Failing to provide a closer observation of inmates who are showing symptoms of medical conditions and, relatedly, providing inadequate

1  training regarding when to place inmates in a special holding cell where
2  a closer observation of their condition is possible;
3      f)  Employing and retaining employees whom Defendants COUNTY and
4  DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and
5  SANDRA HAYES DOES 4-10 at all times material herein knew or
6  reasonably should have known had dangerous propensities for ignoring
7  inmates' medical needs and not providing any attention and/or
8  treatment to inmates with medical conditions and fialure to protect
9  DECEDENT from harm;
10      g)  Failing to adequately discipline Defendant COUNTY officers, guards,
11  and other employees including Defendants DEPUTY VILLASENOR,
12  TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES DOES
13  4-10, for the above-referenced categories of misconduct, including
14  "slaps on the wrist" discipline that is so slight as to be out of proportion
15  to the magnitude of the misconduct, and other inadequate discipline
16  that is tantamount to encouraging misconduct;
17      h)  Announcing that unjustified in-custody deaths and injuries to inmates
18  in the jail are "within policy," including deaths that were later
19  determined in court to be unconstitutional and unjusitified.
20      77.  By reason of the aforementioned acts and omissions, Plaintiffs have
21  suffered loss of the love, companionship, affection, comfort, care, society, training,
22  guidance, and past and future support of DECEDENT, and DECEDENT suffered
23  pre-death pain and suffering and death. Accordingly, Defendants DEPUTY
24  VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA
25  HAYES DOES 4-10 each are liable to Plaintiffs for damages permitted by law.
26      78.  Defendant DOE 10, together with various other officials, whether
27  named or unnamed, had either actual or constructive knowledge of the deficient
28

-17-
FIRST AMENDED COMPLAINT FOR DAMAGES

policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies/ customs with respect to the constitutional rights of DECEDENT who was in need of adequate and timely medical attention and monitoring while in custody of the COUNTY, and other individuals similarly situated, or that it was the moving force behind the constitutional violation.

79.    By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOE 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's consittuional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOE 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT.

80.    Further, the follwing cases demonstrate a pattern and practice of the COUNTY maintaining unconstituitonal customs, practices and poicies, including an unconstitutional custom and policy of failing to provide medical treatment and/or ignoring basic care such that inmate died. Theese cases also show a pattern and practice of the COUNTY related to in-custody deaths:

a) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. *Josepht et al. v. County of Riverside*, et al. Case No.5:20-cv-0329-CJC. From on or about August 19, 2019 to October 6, 2019, the decedent required medical attention at the Riverside County Sheriff's Department Jail. The decedent was allegedly denied of adequate medical attenion and subsequently died.

b) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. *Guitierrez, et al. v. County of*

*Riverside*, et al. No. 5:22-cv-01209-SSS. Decedent was a pre-trial detainee at the Riverside County Jail. He was not given immediate medical attention while in custody and subsequently died.

c) A plaintiff brought a lawsuit based on the alleged facts that he was a pre-trial detainee in Riverside County's detention center but denied of medical attention. He further alleged that his requests for medical attention while in-custody were repeatedly ignored even though the need for medical attention was apparent for the injury to his foot. Subsequently he had to undergo an amputation surgery. *Crossman v. County of Riverside*, et al. No. 5:22-cv-01226-SSS.

d) In the matter of *Mary Garcia et al. v. County of Riverside*, Case No. 5:18-cv-839 SJO (Asx), the County of Riverside and former Riverside County Sheriff Stanley Sniff were sued for the wrongful death after deputies used excessive force on decedent inmate Phillip Garcia. While in custody, Garcia was placed into a small Sobering Cell. Deputies in that matter should have known that Garcia was suffering from a psychotic episode and required mental health treatment. Plaintiffs alleged that no medical care was provided to the decedent. The case settled in year 2019.

e) In the matter of *Quinton Gray et al. v. County of Riverside*, Case No. EDCV 13-0444 VAP (OPx), the County of Riverside / Riverside County Sheriff's Department was placed on notice of its failures when the plaintiffs sought injunctive relief to stop the County of Riverside's / Riverside County Sheriff's Department's longstanding and routine practice of failing and refusing to obtain / provide medical care to inmates in the Riverside County Jails.

f) In *Russell Regalado v. Riverside County*, 5:20-cv-01578-JGB-KK. the Plaintiff alleged that he was beaten unconscious by several jail deputies in the strip search area of the jail facility and then locked in a padded cell for hours and was denied of medical care.

81.    Plaintiffs bring this claim as successors in interest to DECEDENT. Plaintiffs seek survival damages permitted by law under this claim. Plaintiffs further seek attorney's fees under this claim pursuant to 42 U.S.C. section 1988.

81.

*Formatted:* Indent: Left: 0.25", First line: 0.5", No bullets or numbering

### SIXTH CLAIM FOR RELIEF

**Supervisory and Municipal Liability – Ratification – (42 U.S.C. §1983)**
(By Plaintiffs against Defendants COUNTY and DOE 10)

82.    Plaintiffs hereby repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

83.    Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES DOES 4-10 acted under color of state law and within the course and scope of their employment with the COUNTY.

84.    The acts of Defendants as set forth above deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution, including Plaintiffs' constitutional rights to be free from interference with their familial relationship with DECEDENT, as well as DECEDENT's constitutional right to adequate and timely medical attention.

85.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES DOES 4-10, ratified (or will ratify) the acts of Defendants DEPUTY

VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES 4-10 and the bases for them. On information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants' acts, including a determination that Defendants' acts were "within policy."

86.     On information and belief, Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES DOES 4-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the denial of medical care to DECEDENT, which resulted in DECEDENT's injuries and death.

87.     By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts of not providing adequate and timely medical attention to inmates, DOE 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's consittuional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOE 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT.

88.     The following cases demonstrate a pattern and practices of the COUNTY maintaining unconstitutional customs, practices and policies, including an unconstitutional custom and policy of failing to provide medical treatment and/or ignoring basic care such that inmate died. These cases also show a pattern and practice of the COUNTY ratifying unjustified and unconstitutional in-custody deaths:

a)  Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. *Josepht et al. v. County of Riverside, et al*. Case No.5:20-cv-0329-CJC. From on or about August 19, 2019 to October 6, 2019, the decedent required medical attention at the Riverside

-21-

County Sheriff's Department Jail. The decedent was allegedly denied of adequate medical attenion and subsequently died.

b) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. *Guitierrez, et al. v. County of Riverside, et al.* No. 5:22-cv-01209-SSS. Decedent was a pre-trial detainee at the Riverside County Jail. He was not given immediate medical attention while in custody and subsequently died.

c) A plaintiff brought a lawsuit based on the alleged facts that he was a pre-trial detainee in Riverside County's detention center but denied of medical attention. He further alleged that his requests for medical attention while in-custody were repeatedly ignored even though the need for medical attention was apparent for the injury to his foot. Subsequently he had to undergo an amputation surgery. *Crossman v. County of Riverside*, et al. No. 5:22-cv-01226-SSS.

d) In the matter of *Mary Garcia et al. v. County of Riverside*, Case No. 5:18-cv-839 SJO (Asx), the County of Riverside and former Riverside County Sheriff Stanley Sniff were sued for the wrongful death after deputies used excessive force on decedent inmate Phillip Garcia. While in custody, Garcia was placed into a small Sobering Cell. Deputies in that matter should have known that Garcia was suffering from a psychotic episode and required mental health treatment. Plaintiffs alleged that no medical care was provided to the decedent. The case settled in year 2019.

e) In the matter of *Quinton Gray et al. v. County of Riverside*, Case No. EDCV 13-0444 VAP (OPx), the County of Riverside / Riverside County Sheriff's Department was placed on notice of its failures when the plaintiffs sought injunctive relief to stop the County of Riverside's /

1    Riverside County Sheriff's Department's longstanding and routine

2    practice of failing and refusing to obtain / provide medical care to

3    inmates in the Riverside County Jails.

4         f)    In *Russell Regalado v. Riverside County*, 5:20-cv-01578-JGB-KK. the

5    Plaintiff alleged that he was beaten unconscious by several jail deputies

6    in the strip search area of the jail facility and then locked in a padded

7    cell for hours and was denied of medical care.

8       89.    By reason of the aforementioned acts and omissions, Plaintiffs have

9    suffered loss of the love, companionship, affection, comfort, care, society, training,

10   guidance, and past and future support of DECEDENT, and DECEDENT suffered

11   pre-death pain and suffering and death. Accordingly, Defendants DEPUTY

12   VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES

13   DOES 4-10 each are liable to Plaintiffs for damages permitted by law.

14      90.    Plaintiffs bring this claim as successors in interest to DECEDENT.

15   Plaintiffs seek survival damages for the violations of DECEDENT's constitutional

16   rights, including his constitutional right to adequate medical care and safe condition

17   of confinement. Plaintiffs seek damages permitted by law and seek attorney's fees

18   under this claim under 42 U.S.C. section 1988.

19   **SEVENTH CLAIM FOR RELIEF**

20   **Failure to Summon Medical Care (Cal. Gov. Code §845.6)**
**(including wrongful death)**
21   (By Plaintiffs against all Defendants)

22      91.    Plaintiffs hereby repeat and re-allege each and every allegation in the

23   foregoing paragraphs of this Complaint with the same force and effect as if fully set

24   forth herein.

25      92.    Pursuant to California Government Code Section 845.6, a public

26   employee, and the public entity where the employee is acting within the scope of his

27   employment, is liable if the employee knows or has reason to know that the inmate

28

-23-

1   is in need of immediate medical care and he fails to take reasonable action to

2   summon such medical care.

3        93.    On information and belief, Defendants were aware of or should have

4   been aware of DECEDENT's medical condition in that DOES 1-3JUAN

5   MENDOZA -had observed symptoms the DECEDENT was exhibiting such as

6   sweating profusely, that he was fidgeting and also observing DECEDENT chewing

7   on a plastic baggie that he refused to spit out of his mouth.  Also, when

8   DECEDENT was transported to CBDC, DECEDENT continued to display and

9   exhibit symptoms such as sweating profusely and being "jittery".  Therefore, from

10  the time the DECEDENT was booked at CBDC until his death, DEPUTY

11  VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES

12  DOES 4-10 were on notice that the DECEDENT was under the influence of an

13  intoxicating substance to a degree that required adequate medical attention.

14  Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and

15  SANDRA HAYES 4-10 failed to provide or summon proper medical aid for

16  DECEDENT and failed to timely transport DECEDENT to a hospital where he

17  could have received proper care.

18        94.    DECEDENT's medical emergencies were obvious. Defendants are not

19  entitled to immunity where the inmate or person in the care of Defendants is in

20  obvious need of medical care.

21        95.    Despite Defendants' actual knowledge that DECEDENT was in need of

22  immediate medical care as alleged above, Defendants failed to: (1) conduct a proper

23  medical assessment of DECEDENT; (2) summon immediate emergency medical

24  assistance for DECEDENT; (3) monitor and supervise the progression of

25  DECEDENT's health condition and symptoms; and (4) recognize and identify the

26  urgency of the situation in order to summon proper medical care and/or timely

27  transport DECEDENT to a hospital for medical care especially given their

28

-24-

knowledge on DECDENT's condition; (5) provide any adequate medical attention; (6) protect DECEDENT from harm.

96.    The COUNTY is vicariously liable for the wrongful acts of JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, and SANDRA HAYES DOES 4-10 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability. California Government Code section 820(a) states that except as otherwise provided by statute (including section 820.2), a public employee is liable by his act or omission to the same extent as a private person. Pursuant to California Government Code Section 844.6, a public employee or the government entity is not immune from liability for injury proximately caused by its employee's negligent conduct and specifies that a public entity has a duty to pay a judgement. Moreover, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the inmate is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

97.    The conduct of the individual defendants was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for the rights of DECEDENT and plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

98.    Plaintiffs bring this claim individually and as successors in interest to DECEDENT for the violations of DECEDENT's rights. Plaintiffs seek survival damages for the violations of the DECEDENT's right to medical care, and seek wrongful death damages under this claim, including for the Plaintiffs' loss of DECEDENT's love, companionship, guidance, advice, and support. Plaintiffs also seek additional damages permitted by law and attorney's fees on this claim.

-25-

98.

**EIGHTH CLAIM FOR RELIEF**

**Negligence—Medical Malpractice (Wrongful Death)**

(Plaintiffs against Defendants SANDRA HAYES DOES 8-9 and COUNTY)

99.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

100.    As set forth above, Defendants SANDRA HAYES DOES 8-9 is theare the nurses and a medical professionals at CBDC's Detention center. On information and belief, SANDRA HAYESDOES 8-9 saw DECEDENT on or about August 18, 2024, but ignored DECEDENT's condition and failed to adequately assess DECEDENT for transportation to a hospital. SANDRA HAYESDOES 8-9 hasve failed to uphold duties to use medical skills, prudence, and diligence as other members of the profession commonly possess and exercise, especially when DECEDENT's condition and need for an adequate medical attention at a hospital were obvious and known by the COUNTY jail staffs. *Lattimore v. Dickey*, 191 Cal. Rptr. 3d 766, 773 (Ct. App. 2015).

101.    Defendants SANDRA HAYES DOES 8-9 hasve breached hertheir duties when shethey ignored DECEDENT's symptoms and need for an adequate medical attention but did not provide adequate medical attention and did not order a transportation to a hospital. SANDRA HAYES DOES 8-9 failed to conduct a proper medical assessment of DECEDENT, failed to summon immediate emergency medical assistance for DECEDENT, failed to recognize and identify indications of life-threatening medical conditions.

102.    Plaintiffs bring this claim against the COUNTY on a theory of vicarious liability and also bring this claim against SANDRA HAYES DOES 8-9.

-26-

1  The COUNTY is vicariously liable for the wrongful acts of Defendant SANDRA

2  HAYESDOES 7-9 pursuant to the following specific statute: Section 815.2(a) of the

3  California Government Code provides that a public entity is liable for the injuries

4  caused by its employees within the scope of employment if the employee's act

5  would subject him or her to liability. California Government Code Section 820(a)

6  states that except as otherwise provided by statute (including Section 820.2), a

7  public employee is liable by his act or omission to the same extent as a private

8  person. Pursuant to California Government Code Section 844.6, a public employee

9  or the government entity is not immune from liability for injury proximately caused

10  by its employee's negligent conduct, and specifies that a public entity has a duty to

11  pay a judgment. Moreover, a public employee, and the public entity where the

12  employee is acting within the scope of his employment, is liable if the employee

13  knows or has reason to know that the prisoner is in need of immediate medical care

14  and he fails to take reasonable action to summon such medical care.

15      103.  As a direct and proximate result of the aforementioned conduct,

16  DECEDENT suffered injuries, including pre-death pain and suffering, and died.

17  Also as a direct and proximate cause of the acts of Defendant SANDRA

18  HAYESDOES 8-9, Plaintiffs have been deprived of the life-long love,

19  companionship, comfort, support, society, care and sustenance of DECEDENT, and

20  will continue to be so deprived for the remainder of their natural lives.

21      104.  The COUNTY is vicariously liable for the wrongful acts of SANDRA

22  HAYES DOES 8-9 pursuant to section 815.2(a) of the California Government Code,

23  which provides that a public entity is liable for the injuries caused by its employees

24  within the scope of the employment if the employee's act would subject her or him

25  to liability.

26

27

28

105.   Plaintiffs bring this claim individually and as a successor-in interest to DECEDENT. Plaintiffs seek wrongful death and survival damages on this claim, including for DECEDENT's loss of life and loss of enjoyment of life.

**NINTH CLAIM FOR RELIEF**

**Negligence**

(By Plaintiffs against Juan Mendoza; Deputy Villasenor; Timothy Lund; CSO Hayward; Sandra Hayes, Does 5-10DOES 1-10 , CITY, and COUNTY)

106.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.   Law enforcement officers, including DOES 1-3JUAN MENDOZA, have a duty to use reasonable care to prevent harm or injury to others. This duty includes calling for an ambulance for medical assessment of a person they seized and arrested.

108.   As set forth herein, Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES and DOES 4-10 have failed to uphold numerous mandatory duties imposed upon them by state law, and by written policies and procedures applicable to Defendants, including but not limited to the duty to provide or summon immediate medical treatment and care where Defendants know or have reason to know that an inmate is in need of immediate medical care. *See* Cal. Gov't Code §845.6.

109.   Defendants DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES and DOES 54-10 also had a duty to enact and

-28-

1    enforce sufficient policies and procedures to ensure that reasonable medical care

2    and/or mental health treatment would be afforded to individuals in the custody and

3    confinement of Defendant COUNTY (such as DECEDENT), as was necessary to

4    protect the health and safety of those in custody and confinement (such as

5    DECEDENT), and also had a duty to maintain proper and appropriate conditions.

6    This includes continual monitoring of inmates who are known to have medical

7    conditions. Defendants' duties also include identifying and handling medical and

8    mental health issues, screening inmates for physical fitness for incarceration, and

9    not causing injury to persons in their custody during transport to and within

10   facilities.

11        110.    JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND,

12   CSO HAYWARD and SANDRA HAYES and DOES 5-10~~DOES 1-10~~ breached

13   such duty of care.  Upon information and belief, the actions and inactions of JUAN

14   MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and

15   SANDRA HAYES and DOES 5-10~~DOES 1-10~~ were negligent and reckless,

16   including but not limited to:

17            (a)    the failure to properly and adequately assess DECEDENT's need

18                   for adequate medical attention/treatment;

19            (b)    the failure to provide prompt and adequate medical care to

20                   DECEDENT;

21            (c)    the failure to protect DECEDENT while he was in custody and

22                   care of COUNTY;

23            (d)    the failure to protect DECEDENT by providing a reasonably safe

24                   environment and adequate supervision and monitoring of

25                   DECEDENT;

26

27

28

       (e)    the failure to provide adequate and immediate attention to inmates who are exhibiting medical symptoms including sweating profusely and fidgeting and acting "jittery";

       (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

       (g)    the negligent handling of evidence and witnesses;

       (h)    the negligent communication of information during the incident; and

       (i)    the failure to provide appropriate responses to obvious mental health crisis calls.

111.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

112.   COUNTY is vicariously liable for the wrongful acts of JUAN MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES and DOES 5-10 DOES 4-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113.   Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

**TENTH CLAIM FOR RELIEF**

**Violation of Cal. Civil Code § 52.1**

(By Plaintiffs against all Defendants)

114.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

115.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from intentionally interfering with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights. Here, Defendant DOES 4-10 acted with a reckless disregard for DECEDENT's constitutional rights when they continuously ignored DECEDENT's conditions and need for adequate medical attention/treatment, which shows JUAN MENDOZA, Defendant DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and DOES 5-10DOES 4-10's intent to violate DECEDENT's constitutional rights.

116.   On information and belief, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD and SANDRA HAYES and DOES 5-10DOES 4-10, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including by ignoring DECEDENT's condition and need for adequate medical attention/treatment and denying him necessary medical care, to prevent him from exercising his right to have adequate medical attention, or to retaliate against him for having exercised his rights, to be free from state actions that shock the conscience, and to life, liberty, and property.

117.   On information and belief, Defendants specifically intended to violate DECEDENT's constitutional rights as stated above, as demonstrated by JUAN

-31-

1  MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

2  SANDRA HAYES and DOES 5-10DOES 4-10's reckless disregard for

3  DECEDENT's constitutional rights to have adequate medical attention and be free

4  from denial of medical care, which he was fully entitled to enjoy.  Thus, Plaintiffs

5  can recover for violation of the Bane Act as successors-in-interest to DECEDENT.

6         118.   On information and belief, DECEDENT reasonably believed and

7  understood that the violent acts committed by JUAN MENDOZA, DEPUTY

8  VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and

9  DOES 5-10DOES 4-10, inclusive were intended to coercively interfere with

10 DECEDENT's civil rights, to discourage him from exercising the above civil rights

11 or to prevent him from exercising such rights.

12        119.   Defendants successfully interfered with the above civil rights of

13 DECEDENT.

14        120.   The conduct of Defendants was a substantial factor in causing

15 DECEDENT's harms, losses, injuries, death and damages.

16        121.   Defendant DOE 10 is vicariously liable under California law and the

17 doctrine of *respondeat superior*.

18        122.   COUNTY is vicariously liable for the wrongful acts of JUAN

19 MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

20 SANDRA HAYES and DOES 5-10DOES 4-10, inclusive pursuant to section

21 815.2(a) of the California Government Code, which provides that a public entity is

22 liable for the injuries caused by its employees within the scope of the employment if

23 the employee's act would subject him or her to liability.

24        123.   The conduct of Defendants was malicious, wanton, oppressive, and/or

25 accomplished with a conscious disregard for DECEDENT's rights, justifying an

26 award of exemplary and punitive damages as to JUAN MENDOZA, DEPUTY

27

28

1    VILLASENOR, TIMOTHY LUND, CSO HAYWARD, SANDRA HAYES and

2    DOES 5-10DOES 4-10.

3         124.   Plaintiffs bring this claim as successors-in-interest to DECEDENT and

4    seek survival damages, including emotional distress, loss of life, and loss of

5    enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's

6    fees, and costs under this claim.

7

8    //

9    //

10   //

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                      **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiffs individually and as successors-in-interest to

3 DECEDENT, request entry of judgment in their favor and against Defendants JUAN

4 MENDOZA, DEPUTY VILLASENOR, TIMOTHY LUND, CSO HAYWARD,

5 SANDRA HAYES, DOES 5-10 ~~DOES 1-10~~ and COUNTY, inclusive, as follows:

6        A.    For compensatory damages, including both survival damages and

7               wrongful death damages under federal and state law, in an amount to be

8               proven at trial;

9        B.    For funeral and burial expenses, and loss of financial support;

10       C.    For punitive damages against the individual defendants in an amount to

11              be proven at trial;

12       D.    For statutory damages;

13       E.    For damages pursuant to California Civil Code Sections 52, 52.1;

14       F.    For interest;

15       G.    For reasonable attorneys' fees, including litigation expenses;

16       H.    For costs of suit; and

17       I.    For such further other relief as the Court may deem just, proper, and

18              appropriate.

19

20

21 DATED:  September 30, 2025 ~~September 29, 2025~~ ~~September 23, 2025~~      LAW OFFICES OF DALE K. GALIPO

22

23

24              By

25                          Dale K. Galipo

26                          Eric Valenzuela

                                  Attorneys for Plaintiffs

27

28

1    **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand a trial by jury.

3

4    DATED:  September 30,        LAW OFFICES OF DALE K. GALIPO

5    2025September 29, 2025September
     23, 2025

6

7                                By

8                                    _____
                                     Dale K. Galipo

9                                    Eric Valenzuela
                                     Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-35-
FIRST AMENDED COMPLAINT FOR DAMAGES